Do I start the clock myself? No, the deputy clerk will start the clock. Just please introduce yourself for our records. Thank you, Your Honors. I am Jason Gurman, appearing on behalf of Appellant Mr. Heilman. I'd like to begin by noting that while I am here today doing this oral argument, I should recognize the contributions of my colleague, Sean Apple, who makes significant contributions to the strategy, to the briefing, and deserves much of the credit for any success we may have in this appeal. Turning to the merits, I'll keep my arguments brief, as there is not much in dispute right now. On the main issues, defendants concede that summary judgment was improperly granted below, as to Mr. Heilman's Fourth and Eighth Amendment claims of sexual assault. Defendants also agree that the district court below improperly excluded certain declarations Mr. Heilman presented as evidence of defendant Cherniss' having committed a sexually abusive search. So what remains at issue? So the sole remaining issue, Your Honor, is the scope of remand, because in their opposition, defendants raised two arguments that plaintiff Mr. Heilman has waived his right to pursue certain legal issues below. What if we simply leave those issues to the district judge? I'm perfectly – And you can make your arguments to the district judge. If the district judge gets – if you don't prevail and the district judge gets them wrong, we can come back and address them. That's exactly what we're asking for, Your Honor. We're asking that Mr. Heilman not be prevented from raising those legal theories below that defendants argue Mr. Heilman has waived. No, I'm suggesting something different, that we vacate in remand and they can argue to the district judge that you've waived arguments. You can argue to the district judge that you haven't. If you don't prevail at trial on remand, we'll figure out whether the district judge was right or wrong. Why should we address those issues in the first instance is my question. My understanding, Your Honor, of defendants' argument is that waiver is applied because Mr. Heilman failed to raise those legal theories on this appeal. Well, you waived them on appeal. I mean, we can't address them on appeal because you didn't raise them in your opening brief. But I don't see why that has anything to do with what would happen in district court. So they've conceded on the summary judgment was improperly granted. So back it goes. And I don't see why we have anything left to do. I completely agree with you, Your Honor. The waiver argument, to the extent defendants argue that waivers should be used to limit Mr. Heilman's arguments below, that's an issue for the district court and not for this panel. Okay. Thank you. I'll hear from the other side. Good morning, Your Honors. May it please the Court, my name is Byron Miller. I'm a deputy attorney general with the California Department of Justice, and I represent defendants, appellees, Chernas, and Lesane. As you heard from Counsel for Heilman, the parties are in agreement that the case should be remanded, and there are just two narrow issues regarding the scope of remand that there was disagreement on. Why is there any narrow issue on the scope of remand? The district court improperly granted summary judgment. You agree. Correct. We vacate the summary judgment. We have it as the district court improperly limited some evidence. You agree. Correct. We remand. You go have a trial. We don't instruct the judge what's admissible at the trial or not admissible at the trial. If the judge, I forget who it is, judgment is, errs in ruling on admissibility arguments and you win, we'll be back up here. Why do we have to now decide what evidence is admissible or what arguments are admissible at trial? Because the district court did, we believe, err in granting summary judgment. Right. But only with respect to the third search. There were three searches, and the first two searches weren't addressed in the opening brief. Heilman didn't argue that either of the first two searches amounted to independent constitutional violations. So you're only, you think we should only vacate the summary judgment in part or in full? In full, but. Once we vacate it in full. It's gone. Everything is free, it's fair game below. You can go argue to the judge that he should grant summary judgment once again on searches one and two because they haven't presented any good arguments as to why. He may buy that argument. I suspect he won't, but he may buy it. But why, once we, once you stipulate that we ought to vacate the judgment and send it back for a trial, why should we be telling the judge what evidence he should hear, what issues are open for trial? I'm sorry, but I was going to ask, kind of accompanying, when it goes back to the district court, isn't, would the district court have any authority to consider additional evidence that might be on that first or second search that might raise an issue as to those? We're not arguing that Heilman waived evidentiary arguments that he might make regarding the first two searches with respect to a constitutional violation arising out of the third search. We're just arguing that he waived his right to argue that either of the first two searches amounted to an independent constitutional violation. Well, you can raise that to the district court. I guess I don't see that that's an issue before us. I mean, the issue before us is on appeal whether the district court heard on summary judgment, and that's the only issue that we can address. We can't say what will happen at the trial before the district court. That issue wouldn't be before us because there hasn't been a trial. It hasn't been a trial. And I think I would actually amend my prior answer to you. It would be a partial remand with respect to the first search.  We have a judgment. You said we agree the judgment can be vacated. We think when it goes back, they should be precluded from arguing some things. And I say you may be right, but that's an argument you should raise to the district judge. We only review judgments. And once we vacate the judgment, you may have a wonderful legal argument that the other side has waived its right to argue about the first two searches, but that's an argument I think you've got to make to the district judge. We're not going to tell him how to run the proceedings once the judgment is vacated. That's at least my view. I'm not saying that's our ruling. I'm suggesting that's the correct approach to this, isn't it? Your Honor, I think just my final point would be that that would be unfair to require the defendants to defend at trial against causes of action based on searches where that issue was already ruled upon on summary judgment. And a judgment that you've agreed should be vacated. Not that part of the judgment. Only the part of the judgment with respect to the third search. Well, if we vacate it all, are you okay then? I mean, this strikes me as – okay. I've said what I thought. I'm sorry, Judge. The thing I was trying to allude to was in civil litigation until a final judgment is put on, isn't any earlier ruling of the district judge subject to revision? So the district judge here made some ruling. Isn't it always subject to revision after the receipt perhaps of additional evidence or additional argument? And so if he made that earlier ruling – and we also have amendments to the complaint. We have amendments to the summary judgment motions. Why should any remand from this court constrain the district judge in deciding what issues it's willing to entertain or what evidence supports those issues? Your Honor, reading the summary judgment ruling, it's at pages – excerpts pages 18 to 19. I think it clearly encompassed all three searches the court held. There is no genuine dispute as to whether the alleged searches violated plaintiff's Fourth or Eighth Amendment rights, and summary judgment must therefore be granted as to these claims. So the summary judgment ruling clearly disposed of all of Heilman's Fourth and Eighth Amendment claims based on all three searches. And you have, on appeal, filed a brief that says we agree with the appellant that the judge erred because there was a material issue of fact, and we agree that the judge also erred by excluding certain evidence. And that's commendable on the State's part. So you ought to vacate the judgment and send it back. Now, you have an argument, I think, that they've never presented any evidence with respect to counts one and two – searches one and two that justifies their claim. Make that to the district judge. He may reenter the order. He may say no, as Judge Gwynne suggests. Now that it's been sent back to me, I'll allow them to present further evidence or do something else. You can argue with the district judge about that, but I'm not sure why you're arguing with us about it. I understand your point, Your Honor. Our only point was that Heilman only attacked the part of the judgment regarding the third search, and that's all we conceded to in our answering brief, not any arguments regarding independent constitutional violations with respect to the first two searches. So if Heilman wanted to attack part of those – the part of the judgment regarding the first two searches, he had the opportunity to do so, but he didn't. So we didn't have the opportunity to defend that part of the judgment before this Court in our briefing. So it would be unfair to remand with respect to these claims that we didn't defend. So in sum, we believe the Court should limit its remand to a jury trial on the issue regarding the third search. And unless the Court has any further questions, I'll submit it. Okay. Thank you, Your Honor. You have some time for rebuttal. Thank you, Your Honors. I just want to briefly point out, Defendant's counsel referred to parts of the judgment, but the – as to the Fourth and Eighth Amendment claims, there was one judgment. The judgment was that the Fourth and Eighth Amendment – that Mr. Heilman had not presented evidence sufficient to survive summary judgment on the Fourth and Eighth Amendment claims. There was one judgment. The judge didn't enter separate judgments or separate rulings as to each of the first three searches. There was just one judgment, just one ruling. As the panel has noted, all parties agree that that judgment should be vacated and proceedings remanded. Thank you. All right. We thank both sides for the argument. And in particular, we thank Mr. Gurman for participating in our pro bono program. We appreciate it. The case of Heilman v. Chernis is submitted.
judges: Ikuta, Hurwitz, Gwin